# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AUTUMN CHARLENE RODGERS,

Plaintiff,

v.

Case No. 22-CV-1404-JPS

CINDY, *CROSS ROADS EMPLOYEE*, and ROBYN ERICKSON, *UNIT MANAGER*,

**ORDER**

Defendants.

Plaintiff Autumn Charlene Rodgers, an inmate confined at Kenosha County Detention Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that her constitutional rights were violated. ECF No. 1. On April 14, 2023, the Court screened Plaintiff's complaint, found that it failed to state a claim, and granted Plaintiff leave to file an amended complaint. ECF No. 8. On May 3, 2023, Plaintiff filed an amended complaint. ECF No. 9. This Order screens Plaintiff's amended complaint.

## 1. FEDERAL SCREENING STANDARD

Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil

Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived her of a right secured by the Constitution or the laws of the United States and that whoever deprived her of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2.    **PLAINTIFF'S ALLEGATIONS**

Plaintiff's allegations in the amended complaint are difficult to understand. She names as defendants Cindy ("Cindy") and Robyn Erickson ("Erickson"), who were employed by Cross Roads Dual Diagnosis Center. ECF No. 9 at 1. Plaintiff alleges that Cindy "exercised a discretionary power in the manner inconsistent with the duties of a Cross Roads Employee with intent to obtain a dishonest employee." *Id.* at 2. Cindy used Plaintiff's debit card without her permission and put Plaintiff's funds into Cindy's son's

account in Racine County Jail. *Id.* at 2-3. Plaintiff cites a violation of Wis. Stat. § 943.202 for the unauthorized use of a credit card and § 943.201 for the unauthorized use of an individual's personal identifying information or documents. *See id.* at 3.

Plaintiff was a resident of Cross Roads for a ninety-day rehabilitation for drugs and mental health issues. *Id.* While there, Cindy forced Plaintiff to leave the facility to go to ATMs with her personal vehicle and to deprive Plaintiff of her assets. *Id.* Cindy offered to let her current landlord rent to Plaintiff if she paid a month's rent in advance. *Id.* Plaintiff gave Cindy $2000.00, but she never received the apartment and did not receive the money back. *Id.* Plaintiff feared Cindy would send her back to jail if she did not give her the money. *Id.* Erickson was the unit manager and took no action to fix the situation despite Plaintiff reporting Cindy's actions. *Id.* Plaintiff filed a police report, but no one reached out to her. *Id.* Plaintiff feels that her first amendment rights were violated because she was unable to express herself of wrongdoing of state employees or contracted employees. *Id.* Plaintiff did not want to be punished and feared retaliation. *Id.*

3. ANALYSIS

To begin, it is unclear whether the named defendants are even state actors. However, even assuming they are, Plaintiff may not proceed on a due process claim against Cindy or Erickson for the deprivation of her property. The Fourteenth Amendment prohibits a state from depriving "any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. However Plaintiff cannot proceed because she had remedies under state law to address her concerns. *See West v. Berge*, No. 05-C-37-C, 2005 WL 503819, at *4 (W.D. Wis. Feb. 28, 2005) (dismissing claim for unauthorized deduction from prisoner's account because prisoner had

Case 2:22-cv-01404-JPS    Filed 08/14/23    Page 3 of 6    Document 10

adequate remedies under Wisconsin statutes). By statute, Wisconsin affords procedures that can address random, unauthorized deprivations of property by government officers and officials. *See* Wis. Stat. § 893.35 (action to recover personal property after wrongful taking, conversion, or wrongful detention); § 893.51 (action for damages resulting from wrongful taking, conversion, or wrongful detention of personal property); § 893.52 (action for damages from injury to property); *see also Hamlin v. Vaudenberg*, 95 F.3d 580, 585 (7th Cir. 1996) (inmate-complaint review system, certiorari review under Wisconsin law, and Wisconsin tort remedies are adequate remedies for deprivation of good-time credits by prison officials); *Wolf–Lillie v. Sonquist*, 699 F.2d 864, 871 (7th Cir. 1983) (Wisconsin tort remedies are adequate for deprivation of property resulting from sheriff's execution of outdated writ of restitution). Plaintiff has not suggested that Wisconsin's post-deprivation, statutory remedies are inadequate to redress her loss. As such, she has failed to state a viable due process claim.

Second, the Court finds that Plaintiff cannot proceed on a First Amendment retaliation claim. To prevail on this claim, Plaintiff must ultimately show that: "(1) [s]he engaged in activity protected by the First Amendment; (2) [s]he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). Plaintiff's generalized fear of retaliation for reporting Cindy's wrong doing is insufficient to state a retaliation claim. Although Plaintiff claims that she reported Cindy to the police, she does not allege any facts to show that she suffered a deprivation likely to deter that activity. As such, the Court finds that Plaintiff fails to state a First Amendment retaliation claim.

## 4. CONCLUSION

The Court does not find that Plaintiff's claim states any claim upon which relief may be sought. The Court has already granted Plaintiff leave to amend the complaint and finds that any further amendment would be futile. As such, the Court will dismiss the case for Plaintiff's failure to state a claim and will issue Plaintiff a strike in accordance with 28 U.S.C. § 1915(g).

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because the amended complaint fails to state a claim**;**

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g); and

**IT IS FURTHER ORDERED** that a copy of this Order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 14th day of August, 2023.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, she will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, she must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if her appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, she will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless she demonstrates that she is in imminent danger of serous physical injury. *Id.*

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.